BEALL & BURKHARDT, APC
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774, FAX (805) 963-5988

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# NORTHERN DIVISION

In re

Valley Farm Supply, Inc.

Debtor.

Bk. No. 9:20-bk-11072-DS
Chapter 11

**STATUS REPORT**

Date: November 17, 2020
Time: 11:30 a.m.
Place: Zoom.gov

TO THE HONORABLE Deborah Saltzman, UNITED STATES BANKRUPTCY JUDGE:

Valley Farm Supply, Inc., debtor and debtor-in-possession, brings its status report as follows:

1.  The Debtor is a service business for farmers, primarily in the Central Coast. It provides materials such as fertilizer necessary to ensure the smooth operation of such farms.

2.  The Debtor has assets typical to such a business. The Schedules show assets of approximately $3.7 million, largely consisting of inventory, accounts receivable and equipment.

3.  There is a fully secured claim, secured by a broadform security interest, in favor of Community Bank of Santa Maria, in the approximate amount of $900,000. A junior security interest, also secured by a broadform security interest, is held by Simplot AB Retail, securing a debt of approximately $3.7 million. The Debtor believed Simplot AB Retail to be significantly undersecured. Various other

secured debts exist, secured by individual items of equipment. The schedules show unsecured debt of almost $3.2 million.

4. The case was filed due to a combination of factors. The president of the Debtor had a marital dissolution, a process that was both expensive and distracting. Some employee theft problems were identified and the employees terminated, they left and took some of the Debtor's customers. The pandemic has led to a loss of business. The Debtor's two largest suppliers sued the Debtor, first Simplot AB Retail, which obtained a stipulation that provided it security and provided for periodic payments. When the second large supplier, Nutrien AG filed suit, the Debtor realized its cash flow, already significantly compromised by the Simplot settlement would be insufficient to finance another similar settlement, and it had to resort to Chapter 11.

5. The Debtor's plan is to propose a Plan to reorganize its liabilities and work out the debt backlog. It needs to bifurcate the Simplot AB Retail claim and provide for periodic payments on the secured portion of that debt, as well as to the unsecured class.

6. The Debtor hopes that many of its issues can be resolved reasonably quickly. The marital dissolution is over. The problem employees are gone. When the pandemic is controlled, the Debtor's income stream should stabilize and a Plan can be proposed.

7. The Debtor does not anticipate significant litigation in this case. Although there may be the necessity of claim objections, the Debtor's claims are mostly business payables and disputes should be limited.

8. In terms of Plan confirmation, the largest unknown is the length of time it will take for the economy to recover to full health after the pandemic. The Debtor is already working to project income that would be available for confirmation. When projections are complete, the Debtor will start negotiations with its larger creditors in the hope a consensual Plan can be filed.

9. The Debtor is not a health care provider.

10. The Debtor is not a small business debtor as defined by 11 USC 101(51D).

11. The Debtor is not a single asset real estate debtor.

12. The Debtor is in either complete or substantial compliance with the requirements of the Office of the United States Trustee.

13. Three entities have an interest in the cash collateral of the Debtor, although the secured creditor in third position, the United States of America Small Business Administration is "out of the money" with regard to the cash collateral. The Debtor has obtained two orders authorizing the use of cash collateral, dated September 8, 2020 (Docket 19) and October 14, 2020 (Docket 65).

14. The Debtor has employed three professionals. The proposed scopes of services are contained within the Applications. Beall & Burkhardt, APC is general bankruptcy counsel for the Debtor and Debtor-in-possession. The Order employing Beall & Burkhardt, APC was entered October 6, 2020 (Docket 54). It is difficult to predict the total fees that will be billed by Beall & Burkhardt, APC, since so much depends on the actions of other parties. McDermott & Apkarian, LLP was employed as accountants for the Debtor and Debtor-in-possession. The Order employing McDermott & Apkarian, LLP was entered October 6, 2020 (Docket 55). Terence Long was employed as reorganization consultant for the Debtor and Debtor-in-possession. The Order employing Terence Long was entered _____ (Docket __).

15. Financial Information has been filed through Motion and Stipulation for use of cash collateral (Docket Nos. 3 and 42), and the first Monthly Operating Report (Docket No 68).

16. The Debtor proposes that the Court set a claims bar date 90 days from the hearing on the status conference, together with a time to serve notice of the same. As stated above, the Debtor believes few claim objections will be necessary.

17. The Debtor's executory contracts fall into two categories. Real property tenancies seem to be month-to-month, so no assumption or rejection will be necessary. If a written lease is discovered, this may change. Some of the secured equipment creditors have documents that state the equipment is leased. Legally, this may be inaccurate as these transactions may be disguised conditional sales. The Debtor must analyze whether such arguments have merit, and also whether they are worth pursuing, as part of its efforts to craft a Chapter 11 Plan.

18. The Debtor does not plan any major sale motion, although there may be motions concerning minor superfluous items.

19. The Debtor proposes 180 days from the status hearing for the filing of a Plan and Disclosure Statement, although it hopes to file such documents sooner.

The Debtor makes these representations based upon the best information is has available to it as of the time this document is prepared and filed.

Dated: October 30, 2020

Respectfully Submitted,

Beall & Burkhardt, APC

By: *William C. Beall*
William C. Beall, attorneys for Valley Farm Supply, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1114 State Street, Suite 200, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):

**STATUS REPORT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/30/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **William C Beall**   will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Hagop T Bedoyan**   hagop.bedoyan@mccormickbarstow.com, terry.douty@mccormickbarstow.com
- **Richard W Brunette**   rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Claudia Coleman**   ccoleman@marshackhays.com, claudiacoleman@sandiego.edu
- **Donald T Dunning**   ddunning@dunninglaw.com, jmacleod@dunninglaw.com
- **Brian D Fittipaldi**   brian.fittipaldi@usdoj.gov
- **D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Carissa N Horowitz**   carissa@beallandburkhardt.com, artyc@aol.com;castlesb@aol.com
- **Laila Masud**   lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Sandra McBeth**   donna@mcbethlegal.com
- **Randall P Mroczynski**   randym@cookseylaw.com
- **Reed H Olmstead**   reed@olmstead.law, olmstead.ecf@gmail.com;r41602@notify.bestcase.com
- **Steven R Stoker**   sstoker@pascuzzi.net, kphaphon@pascuzzi.net
- **United States Trustee (ND)**   ustpregion16.nd.ecf@usdoj.gov
- **Mandy D Youngblood**   csbk@gmfinancial.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/30/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
See Attached List
Attached parties were also served with a copy of the Court's Order Setting Scuduling and Case Management Conference-Docket #10

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                                 **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)*_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/30/2020 | William C. Beall | *(signature)* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

Agriculture Envision
P.O. Box 545
Santa Maria, CA 93456

American Express
P. O. Box 981535
El Paso, TX 79998-1535

Bank of America
P.O. Box 15019
Wilmington, DE 19886

Banner Life Insurance
3275 Bennett Creek
Frederick, MD 21704

CAT Financial
P.O. Box 100647
Pasadena, CA 91189

Community Bank of Santa Maria
2739 Santa Maria Way
P.O. Box 5307
Santa Maria, CA 93456

Helena Chemical Company
2397 A Street
Santa Maria, CA 93455

Liquinox Fertilizer
21 West Meats Avenue
Orange, CA 92865

NA-Churs Alpine Solutions
Dept. 781191
P.O. Box 78000
Detroit, MI 48278

Nature's Way
8410 Buena Vista Street
Moorpark, CA 93021

Nutrien AG
c/o Steven Stoker, Esq.
2377 W. Shaw Ave., Ste 101
Fresno, CA 93711

Peter Compton
P.O. Box 299
Nipomo, CA 93444

Prudential
P.o. Box 856167
Louisville, KY 40285

Simplot AB Retail
P.O. Box 9296
Boise, ID 83707

Small Business Adminstration
10737 Gateway West #300
El Paso, TX 79935

US Bank
P.O. Box 790408
Saint Louis, MO 63179

Wilbur-Ellis Company
P.O.Box 45326
San Francisco, CA 94145

Addresses from which mail has been returned undeliverable

Ford Credit
P.O. Box 7172
Pasadena, CA 91109

GM Financial
Attn: Accounts Payable
P.0. Box 1630
Fort Worth, TX 76101